Opinion
McMAHON, J.
Issue Presented
Is illegally obtained evidence now admissible in a probation violation hearing notwithstanding the fact that it had been ordered suppressed in another proceeding pursuant to Penal Code section 1538.5?
*Supp. 58 The Case
In April 1981, appellant was admitted to probation after having been convicted of theft. On September 7, 1982, appellant was detained and searched, and subsequently, new burglary charges were filed against him. On September 28, 1982, appellant’s motion to suppress the evidence against him was granted. No appeal pursuant to Penal Code section 871.5 and no refiling pursuant to Penal Code section 1538.5, subdivision (j) was undertaken by the People.
Thereafter, on October 8, 1982, a probation hearing was held on the earlier case. Defense counsel moved to exclude the evidence on the ground that the evidence had been ordered suppressed. The court disagreed, evidently taking the position that Penal Code section 1538.5 subdivision (d) had been repealed by implication by “the truth-in-evidence” provisions of Proposition 8, which became effective on June 9, 1982. (Cal. Const., art. I, § 28, subd. (d).)
After probation was revoked, this appeal ensued.
Discussion
The provisions of article I, section 28, subdivision (d) of the California Constitution applies only to prosecutions for crimes committed on or after June 9, 1982. (People v. Smith (1983) 34 Cal.3d 251, 257-263 [193 Cal.Rptr. 692, 667 P.2d 149].) Prior to that date, three distinct rules had developed concerning the use of illegally obtained evidence at probation and parole violations.
First, the exclusionary rule does not apply to parole revocation hearings (In Re Martinez (1970) 1 Cal.3d 641, 649-652 [83 Cal.Rptr. 382, 463 P.2d 734]).
Second, the exclusionary rule is not constitutionally mandated to apply to probation revocation proceedings, People v. Nixon (1982) 131 Cal.App.3d 687 [183 Cal.Rptr. 878]; People v. Rafter (1974) 41 Cal.App.3d 557, 560 [116 Cal.Rptr. 281]; People v. Hayko (1970) 7 Cal.App.3d, 604, 609-610 [86 Cal.Rptr. 726]; United States v. Winsett (9th Cir. 1975) 518 F.2d 51, 54-55.
Third, subdivision (d) of Penal Code section 1538.5 declares that: “If a search or seizure motion is granted pursuant to the proceedings authorized *Supp. 59 by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing” unless the People seek reconsideration of the ruling by invoking other provisions of the section or by appeal. Therefore, so long as the motion to suppress is properly noticed, and the court actually suppresses the evidence (Cf. People v. Myers then, unless the People follow either of the alternative procedures provided by statute, Penal Code section 1538.5, subdivision (d) will bar the introduction of previously suppressed evidence at a subsequent probation revocation hearing (People v. Zimmerman (1979) 100 Cal.App.3d 673 [161 Cal.Rptr. 188]). (See also People v. Belleci (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473] [probation report referred to suppressed evidence].)
Penal Code section 1538.5 was enacted to provide a pretrial determination of search and seizure questions and to provide prosecutorial latitude in seeking appellate review of adverse rulings before jeopardy attached (Moreno v. Superior Court (1978) 80 Cal.App.3d 932, 935 [146 Cal.Rptr. 35]). Given the salutory purpose underlying this statute, after Proposition 8 was enacted, the Legislature clearly was unwilling to “throw the baby out with the bath water.” Indeed, in 1982 our Legislature twice enacted amendments to Penal Code section 1538.5, both of which retained the operative provisions of this subdivision.
Under chapter 625 of the laws of 1982, an urgency statute, effective August 27, 1982, subdivision (d) of section 1538.5 was amended to read as follows: “If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this Section, Section 871.5, Section 1238, or Section 1466 are utilized by the People.”
Chapter 1505, enacted in 1982, amended other parts of Penal Code section 1538.5. However, no changes were made in the wording of subdivision (d).
We observe that subdivision (d) of Penal Code section 1538.5 had been construed by the Zimmerman court to bar the use of previously suppressed *Supp. 60 evidence at probation revocation hearings. Where such a statute has been judicially construed, such construction of the statutory words becomes part of the statute, “ ‘as if it had been so amended by the legislature’ [citations omitted].” (In Re Davis (1966) 242 Cal.App.2d 645, 653 [51 Cal.Rptr. 702]; People v. Guthrie (1983) 144 Cal.App.3d 832, 839 [193 Cal.Rptr. 54].)
Moreover, this statute was twice amended in 1982 but subdivision (d) remained essentially unchanged. It is a well-established principle of statutory construction that when the Legislature amends a statute without altering portions of the provision that has been judicially construed, the Legislature is presumed to have been aware of and acquiesced in the previous judicial construction. Accordingly, reenacted portions of the statute are given the same construction they received before the amendment. (Marina Point, Ltd. v. Wolfson (1982) 30 Cal.3d 721, 734 [180 Cal.Rptr. 496, 640 P.2d 115]; People v. Curtis (1969) 70 Cal.2d 347, 355 [74 Cal.Rptr. 713, 450 P.2d 33].) It necessarily follows then that previously suppressed evidence still cannot be used at probation revocation hearings.
Because chapters 625 and 1505 were adopted unanimously, it simply cannot be argued that they conflict with subdivision (d) of article I, section 28 of the California Constitution. Moreover, if we give a fair and reasonable interpretation to the statute, (see In Re Waters of Long Valley Creek Stream System (1979) 25 Cal.3d 339, 349 [158 Cal.Rptr. 350, 599 P.2d 656]), it is obvious that the statute is procedural in character. It simply requires prosecutors to exhaust existing statutory schemes for review if a motion to suppress is granted.
For the same reason we see nothing in section 2 of chapter 625 which changes our minds. Section 2 provides that the amendment to Penal Code section 1538.5 “does not create any new grounds for exclusion of evidence that did not exist prior to this act. The legislature intends that the changes made by this act are procedural only.” Of course, the rule barring the use of previously suppressed evidence existed long before the Legislature made minor changes in the wording of Penal Code section 1538.5. Moreover, as we have seen, subdivision (d) is procedural in character, and does not create new grounds for exclusion of evidence.
In light of this conclusion with respect to section 2 of chapter 625, we see no reason to consider the omission of a similar caveat in chapter 1505, which obviously bears the higher chapter number (In Re Thierry S. (1977) 19 Cal.3d 727, 738-740 [139 Cal.Rptr. 708, 566 P.2d 610]).
*Supp. 61 Disposition
The order revoking probation is reversed.
Stevens, P. J., and Slater, J., concurred.