[No. A024945. First Dist., Div. Two. Dec. 19, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
RAYMOND D. JOHNSON, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, Attorney General, Thomas A. Brady, Herbert F. Wilkinson and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Appellant.

Abram A. Davis, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**ROUSE, J.**—The People appeal from a "ruling" by the trial court granting defendant's motions to suppress evidence (Pen. Code, § 1538.5) and to dismiss the case in the interests of justice (Pen. Code, § 1385).[1]

On August 9, 1983, defendant Raymond Johnson was arrested after police seized marijuana, cocaine, and a gun from a briefcase that was located between defendant and another man, both of whom were sitting in the front seat of a car. Apparently, both the arrest and seizure of evidence were made without warrants.

At his preliminary hearing, defendant moved to suppress the drugs and gun. The magistrate denied the motion. Subsequently, an information was filed charging defendant with possession of cocaine (Health & Saf. Code, § 11350); possession of marijuana for sale (Health & Saf. Code, § 11359); and possession of a firearm by a felon (Pen. Code, § 12021). The information also alleged a prior conviction within the meaning of section 667.5, subdivision (b), of the Penal Code. Defendant pleaded not guilty and denied the prior conviction.

---

[1]The record fails to disclose a formal written order or final judgment of dismissal. The court's oral ruling of dismissal is not an appealable order. However, judicial expediency dictates that we reach the merits of this appeal. Therefore, we treat the court's ruling as a rendition of final judgment. (Rule 2(c), Cal. Rules of Court; cf. *Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 578 [121 Cal.Rptr. 842].)

Defendant renewed his motion to suppress at a de novo hearing in the trial court. Despite the lack of proper evidence before him, the trial judge assumed that the search was without a warrant. (See fn. 4, *infra*.) Consequently, he required the district attorney to go forward and justify the search. The district attorney refused, claiming that a justification was required only *after* defendant established that the search violated his own reasonable expectation of privacy, i.e., his own constitutional rights. However, the trial court ruled that defendant did not have to make such a showing. Because the district attorney still refused to go forward, the court granted the motion to suppress and later dismissed the case in the interests of justice. Thereafter, the People filed a timely notice of appeal. (Pen. Code, § 1238, subd. (a)(7).)

In this appeal, the Attorney General contends the trial court erred in ruling that defendant need not show he was the victim of an allegedly unlawful search. He claims that absent such a showing, courts may not apply the exclusionary rule to suppress evidence.

The United States Supreme Court first enunciated the exclusionary rule in *Weeks* v. *United States* (1914) 232 U.S. 383, 393, 398 [58 L.Ed. 652, 655-656, 657-658, 34 S.Ct. 341], holding that evidence obtained from an unreasonable search or seizure (i.e., in violation of the Fourth Amendment) could not be used at trial. Because this rule was not applicable to the states, the California Supreme Court in *People* v. *Cahan* (1955) 44 Cal.2d 434, 442 [282 P.2d 905, 50 A.L.R.2d 513], adopted an identical rule as a "judicially declared rule of evidence." Within months after deciding *Cahan,* the court expanded the rule in *People* v. *Martin* (1955) 45 Cal.2d 755, 761 [290 P.2d 855], holding that it applied "whether or not [the evidence] was obtained in violation of the particular defendant's constitutional rights." Thus under *Martin* a defendant could exclude evidence that was seized in violation of a third party's constitutional rights. The *Martin* holding became known as the "vicarious exclusionary rule." (See *Kaplan* v. *Superior Court* (1971) 6 Cal.3d 150, 153, 155, 160, fn. 8 [98 Cal.Rptr. 649, 491 P.2d 1].)

Six years after *Cahan* and *Martin,* the United States Supreme Court made the federal exclusionary rule binding on the states via the due process clause of the Fourteenth Amendment. (*Mapp* v. *Ohio* (1961) 367 U.S. 643, 655 [6 L.Ed.2d 1081, 1090, 81 S.Ct. 1684, 84 A.L.R.2d 933].) However, federal courts have expressly rejected the vicarious exclusionary rule. ■ The federal rule mandates exclusion only where evidence is obtained in violation of the defendant's personal rights. (See *United States* v. *Payner* (1980) 447 U.S. 727, 731 [65 L.Ed.2d 468, 473-474, 100 S.Ct. 2439]; *Rawlings* v. *Kentucky* (1980) 448 U.S. 98, 104-105 [65 L.Ed.2d 633, 641, 100 S.Ct. 2556]; *Rakas* v. *Illinois* (1978) 439 U.S. 128, 134-144 [58

L.Ed.2d 387, 394-402, 99 S.Ct. 421]; *Alderman* v. *United States* (1969) 394 U.S. 165, 173-174 [22 L.Ed.2d 176, 186-187, 89 S.Ct. 961]; see also *United States* v. *Salvucci* (1980) 448 U.S. 83, 95 [65 L.Ed.2d 619, 630, 100 S.Ct. 2547].)

Despite the scope of the federal rule, however, state courts remained free to devise broader exclusionary rules to protect rights secured by their state constitutions. (See *Ker* v. *California* (1963) 374 U.S. 23, 31-34 [10 L.Ed.2d 726, 736-738, 83 S.Ct. 1623]; *Alderman* v. *United States, supra,* 394 U.S. 165, 175-176 [22 L.Ed.2d 176, 187-188].) Thus, California courts have consistently recognized and applied its "vicarious exclusionary rule" in prosecutions for crimes committed on or before June 8, 1982. (See, e.g., *People* v. *Chapman* (1984) 36 Cal.3d 98, 105, fn. 3 [201 Cal.Rptr. 628, 679 P.2d 62]; *People* v. *Gale* (1973) 9 Cal.3d 788, 793 [108 Cal.Rptr. 852, 511 P.2d 1204]; *Kaplan* v. *Superior Court, supra,* 6 Cal.3d 150, 156-157.) On that date California voters passed an initiative measure which added, inter alia, section 28, subdivision (d), to article I of the California Constitution (hereafter section 28(d)). Section 28(d), popularly known as the "Truth-in-Evidence" provision, states, in part, that "relevant evidence shall not be excluded in any criminal proceeding . . . ."[2]

■ It is apparent that section 28(d) is in direct conflict with the state's judicially created vicarious exclusionary rule. Given such a conflict, the superior authority of this constitutional provision, and its clear, unambiguous language, we conclude that section 28(d) abolishes the "vicarious exclusionary rule" and prohibits courts from excluding relevant evidence.[3]

---

[2]Section 28(d) provides as follows: "*Right to Truth-in-Evidence.* Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

[3]In *Kaplan, supra,* 6 Cal.3d 150, the California Supreme Court conceded that the *Martin* rule (generally referred to as the "vicarious exclusionary rule") was not required by the prevailing federal interpretation of the Fourth Amendment. However, that court concluded that the rule was "at least 'based on' the constitutionally compelled *Cahan* and *Mapp* principles," and that a later enactment of section 351 of the Evidence Code did not repeal the rule. (*Kaplan* v. *Superior Court, supra,* 6 Cal.3d 150, 161.) Thus it appears that the rule is not a state constitutional standard; rather, a rule of evidence created by the California Supreme Court as a *remedy* for a violation of a constitutional standard. In *Kaplan, supra,* the court held that the rule is not, strictly speaking, an exclusionary rule but a rule of standing. (*Kaplan* v. *Superior Court, supra,* 6 Cal.3d at p. 160, fn. 8.) The question of its present validity, in light of section 28(d), is presently before the California Supreme Court. (*In re Lance W.* (Cal.App.) petn. for hg. granted Feb. 22, 1984 (Crim. 23551).)

■ However, section 28(d) cannot limit or affect rights that are guaranteed by the United States Constitution (U.S. Const., art. VI, cl. 2), hence, a defendant may still invoke the federal exclusionary rule, and California courts must exclude evidence that is obtained in violation of the Fourth Amendment. In determining whether Fourth Amendment standards are violated and whether federal law compels the exclusion of evidence, California courts are bound by the decisions of the United States Supreme Court. (*Calderon* v. *City of Los Angeles* (1971) 4 Cal.3d 251, 258 [93 Cal.Rptr. 361, 481 P.2d 489].) Thus it appears that, under section 28(d), the exclusion of evidence in California now conforms to federal practices as enunciated by the United States Supreme Court.

This view of section 28(d)'s impact and effect finds support in the Analysis by the Legislative Analyst (Ballot Pamp., Proposed Amend. to Cal. Const., Crim. Justice—Initiative Statutes and Constitutional Amend., Prim. Elec. (June 8, 1982) p. 32), which stated, "Under current law, certain evidence is not permitted to be presented in a criminal trial or hearing. For example, evidence obtained through unlawful eavesdropping or wiretapping, or through unlawful searches of persons or property, cannot be used in court. This measure generally would allow most relevant evidence to be presented in criminal cases, subject to such exceptions as the Legislature may in the future enact by a two-thirds vote. The measure could not affect *federal* restrictions on the use of evidence." Similarly, the Attorney General's ballot argument supporting the initiative stated, "[H]igher courts of this state have created *additional* rights for the criminally accused and placed more restrictions on law enforcement officers. This proposition will overcome some of the adverse decisions by our higher courts." (Ballot Pamp., *supra,* p. 34; italics added.) Such statements suggest an intent to eliminate the "vicarious exclusionary rule," which, by permitting criminal defendants to assert the rights of third parties, represents a significant right which the California courts extended to defendants *in addition to* those afforded under federal law. (See also Witkin, Cal. Criminal Procedure (pt. 1, 1983 pocket supp. to chs. I-VIII) Changes in Law of Evidence, §§ 23W, 23X, 23Y, 23Z, 23BB, p. 60 et seq.; Criminal Practice After Proposition 8 (Cont.Ed.Bar 1982) pp. 33-35, 47-50, 57-59.)

■ With these thoughts in mind, we analyze the trial court's ruling in light of federal precedent. Under federal law, it is well settled that a court cannot suppress evidence unless a defendant shows a personal, reasonable and legitimate expectation of privacy in the place searched or the evidence seized. (*United States* v. *Payner, supra,* 447 U.S. 727, 731, 737 [65 L.Ed.2d 468, 473-474, 477-478].)

■ ■■■ ■ ■■ Here, defendant made no such showing, therefore we conclude that the trial court erred in granting his motion.[4] (*United States* v. *Payner, supra*; see *United States* v. *Salvucci, supra,* 448 U.S. 83, 94-95 [65 L.Ed.2d 619, 629-631].) Moreover, we note that the trial court also erred in granting the motion absent evidence that there was a search and that it was conducted without a warrant.

■■ Defendant contends that if section 28(d) requires the application of federal law, then section 28(d) is unconstitutional as applied to him. He points out that he was charged with a possessory offense. He argues that having to establish a reasonable expectation of privacy concerning the suitcase or evidence forces him to incriminate himself at the suppression hearing, rendering his rights to a fair trial and assistance of counsel meaningless.

The federal standards governing the exclusion of evidence do not implicate or denigrate a defendant's constitutional right against self-incrimination or his rights to a fair trial and assistance of counsel. Defendant need only establish that an illegal search invaded his own expectation of privacy. He does not have to admit an element of the offense charged against him. He need not even testify at the suppression hearing. However, if he does, his rights remain adequately protected since his suppression hearing testimony may not be admitted against him at trial on the issue of guilt unless he makes no objection. (*Simmons* v. *United States* (1968) 390 U.S. 377, 394 [19 L.Ed.2d 1247, 1259, 88 S.Ct. 967]; see *People* v. *Douglas* (1977) 66 Cal.App.3d 998, 1003-1005 [136 Cal.Rptr. 358]; see also *People* v. *Coleman* (1975) 13 Cal.3d 867, 889-892 [120 Cal.Rptr. 384, 533 P.2d 1024].)

Defendant argues that his rights remain jeopardized because his suppression hearing testimony could still be used to impeach him at trial if he contradicts such testimony. (*People* v. *Douglas, supra,* 66 Cal.App.3d 998, 1005-1006.)

This risk does not jeopardize his constitutional rights. Rather, it prevents him from falsely claiming an expectation of privacy at his suppression hear-

---

[4]Defendant argues at length that the evidence adduced at the preliminary hearing established both his expectation of privacy in the area searched and the illegality of the search. However, as the People pointed out to the trial court and in their briefs here, a motion to suppress in the trial court is a de novo hearing and only evidence adduced at that hearing can be considered in deciding the validity of defendant's motion. (*People* v. *Robinson* (1974) 41 Cal.App.3d 658, 663 [116 Cal.Rptr. 455].) The record indicates that the parties did not stipulate to the use of the preliminary hearing transcript as the evidentiary basis for the trial court's determination. Moreover, there was no testimony or evidence presented by either party in the trial court. Thus we decline to evaluate the propriety of the trial court's decision in light of the preliminary hearing transcript.

ing so as to meet the federal exclusionary requirements; or from falsely denying such a claim at trial so as to avoid conviction. The protection of a defendant's rights should never permit him to escape accountability for perjury. (See *United States* v. *Kahan* (1974) 415 U.S. 239, 243 [39 L.Ed.2d 297, 301, 94 S.Ct. 1179]; *People* v. *Coleman, supra,* 13 Cal.3d 867, 892.)

■ Finally, defendant contends that by reenacting section 1538.5 of the Penal Code after the passage of section 28(d), the Legislature resurrected the "vicarious exclusionary rule" and reestablished state constitutional violations as a basis for the exclusion of evidence. We disagree.

Section 1538.5 of the Penal Code is a procedural statute. According to committee reports prepared prior to its initial enactment, section 1538.5 was designed to eliminate the unnecessary waste of judicial time and effort that had been occurring because search and seizure questions were being repeatedly raised in criminal proceedings. (See 22 Assem. Interim Com. Rep. (1965-1967) No. 12, p. 13, 2 Appendix to Assem. J. (1967 Reg. Sess.); *People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].) The statute's purpose was to provide expeditious pretrial *procedures* for challenging the admissibility of evidence, seeking appellate review of orders suppressing evidence, and determining what happened to evidence and a defendant once a motion to suppress was granted. (See *Moreno* v. *Superior Court* (1978) 80 Cal.App.3d 932, 935-936 [146 Cal.Rptr. 35]; *People* v. *Paris* (1975) 48 Cal.App.3d 766, 769 [122 Cal.Rptr. 272]; *Kirby* v. *Superior Court* (1970) 8 Cal.App.3d 591, 596-597 [87 Cal.Rptr. 577].)

No court has ever construed or interpreted section 1538.5 of the Penal Code to include the "vicarious exclusionary rule" despite numerous opportunities to do so. On the contrary, as earlier noted, in *Kaplan* v. *Superior Court, supra,* 6 Cal.3d 150, 159-161, the court expressly stated that the rule "is not embodied in a statute as such" but rather was adopted by the court and, as a rule of *standing,* "based on" constitutional principles. Similarly, in *People* v. *Gale, supra,* 9 Cal.3d 788, 793, the court found that standing to bring a motion under section 1538.5 did not derive from the statute, but was provided by state rules adopted by the courts.

Therefore, if, in its enactment of that section the Legislature never intended to include the rule therein and thereafter courts have never found it to be a part of that statute, then the mere reenactment of section 1538.5 did not automatically revive the vicarious exclusionary rule.[5] The legislative

---

[5]The alleged reestablishment of state constitutional violations as a basis to exclude evidence could not revive the rule either because the rule has never been found to be constitutionally required. (See *Kaplan* v. *Superior Court, supra,* 6 Cal.3d 150, 161, & fn. 9.)

history behind the most recent reenactment is not to the contrary.[6]

It is clear that in reenacting section 1538.5, the Legislature intended only to make minor *procedural* changes in the statute. (See Stats. 1982, ch. 625, § 2, p. 2627; ch. 1505, § 6, p. 5843. See also the Enrolled Bill Memo. to Governor's office for Sen. Bill No. 1744 and explanatory letter by the bill's author, former State Senator John Holmdahl; see also the Enrolled Bill Memo. to Governor's office for Assem. Bill No. 2984.)

Defendant's position is that the reenactment nullified section 28(d). However, there is a deafening legislative silence concerning such a radical effect. We decline to apply rules of statutory construction blindly or mechanically to infer such an intention from the statute, especially where, as here, it was so conspicuously absent. In our view, it is unreasonable to conclude that by making minor procedural changes in section 1538.5 of the Penal Code, the Legislature ever intended to repeal a constitutional amendment that had been recently passed by popular initiative.[7]

The judgment is reversed, and the case is remanded to the trial court for further proceedings.

Smith, J., concurred.

Kline, P. J., concurred in the judgment.

Appellant's petition for a hearing by the Supreme Court was denied February 14, 1985. Mosk, J., and Reynoso, J., were of the opinion that the petition should be granted.

---

[6]Section 1538.5 of the Penal Code was reenacted twice within a short time after the passage of section 28(d). (See Stats. 1982, chs. 625, 1505.) It is interesting that both bills were either sponsored or supported by the California District Attorneys Association, a group not reasonably inclined nor likely to have sought the reestablishment of the "vicarious exclusionary rule," which enlarges a criminal defendant's right to object to the use of relevant evidence far beyond the federal rule of exclusion.

[7]At oral argument, defendant cited *People* v. *Willis* (1983) 149 Cal.App.3d Supp. 56 [197 Cal.Rptr. 281], in support of his position. His reliance is misplaced.

In *Willis,* the issue was whether section 28(d) repealed section 1538.5, subdivision (d), of the Penal Code, which declared that if a motion to suppress is granted, the evidence is inadmissible unless the People seek a review of the ruling.

As here, the court noted that section 1538.5 is "procedural in character." (*Willis,* at p. 60.) The court opined that, by reenacting it, the Legislature sought to retain the salutory benefits of judicial efficiency and economy that flowed from its procedures. The court concluded, therefore, that subdivision (d) of section 1538.5 neither originally nor as reenacted conflicted with the constitutional provision; rather, it "simply requires prosecutors to exhaust existing statutory schemes for review if a motion to suppress is granted." (*Ibid.*)

While *Willis* correctly recognizes the continued validity of the expressly declared and reenacted procedures in section 1538.5, it nowhere suggests or supports the continued validity of an independently created "vicarious exclusionary rule."