[No. F004124. Fifth Dist. June 12, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY RANDALL OOLEY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert D. Marshall and Eileen Ceranowski, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, J.—Defendant was charged with burglary. (Pen. Code, § 459.)[1] His motion to suppress evidence seized at the time of his arrest was denied. The information was then amended to add an allegation that defendant suffered a prior felony conviction. (§ 667.5, subd. (b).) Thereafter, this court denied defendant's petition for writ of prohibition and/or mandamus. Pursuant to a plea bargain, defendant then pled guilty to the burglary charge, and the alleged prior felony conviction was dismissed. Defendant was sentenced to state prison for the upper term of three years for second degree burglary. He appeals.[2]

### STATEMENT OF FACTS

*Facts of the Crime*

Defendant was arrested for the January 17, 1984, burglary of Mixter's Pharmacy in Exeter, California. The following day, January 18, he admitted commission of the burglary.

*Facts of the Search*

On January 18, 1984, Exeter City Police Officer Albert Garcia received teletyped information there was an outstanding arrest warrant for one Timothy Ooley for violation of parole. Officer Garcia relayed this information to Sergeant Dale Perry and Officer Rowlett. Sergeant Perry informed Detective Garcia he knew the whereabouts of defendant Ooley. A citizen in-

---

[1] All references are to the Penal Code unless otherwise indicated.

[2] Section 1538.5, subdivision (m) provides in relevant part: "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence."

formant told Sergeant Perry defendant was staying at the Exeter Hotel with one Jerry Phillips.

Detective Garcia, Sergeant Perry and Officer Rowlett went to the Exeter Hotel. The clerk indicated Jerry Phillips occupied room 108 and a subject resembling defendant had been seen in that area. Three hours elapsed from the time the police received the teletype until the time they went to the hotel.

Detective Garcia knocked on the door and received no answer. He knocked a second time and as he did so the door to the room swung open. Detective Garcia announced "Police Officer, Mr. Phillips, I'd like to talk to you" and "Jerry Phillips, are you home?" Detective Garcia received no answer, remained at the open door for approximately 30 seconds, and then entered the room. He noticed a light in the back of the apartment and was aware of a back door where someone could escape.

Toward the back of the apartment there was a small room or closet area. The officers found defendant covered with blankets and asleep on the floor. Defendant was awakened and arrested after identifying himself as Randy Ooley. Sergeant Perry considered defendant a possible suspect in the Mixter's Pharmacy burglary at this time. Detective Garcia asked defendant for his permission to search the area where he had been sleeping. Defendant replied: "Well, go ahead, I have nothing to hide." In that search the officers found some clear plastic pill packets in a chest of drawers adjacent to where defendant was sleeping. The officers also found a pair of military paratrooper-type black boots. Those boots had a sole pattern similar to a print found at the burglary scene. The officers advised defendant of his *Miranda*[3] rights at the police department and he admitted the burglary.

DISCUSSION

### I. DID DEFENDANT HAVE STANDING TO SUPPRESS THE EVIDENCE TAKEN FROM JERRY PHILLIPS' HOTEL ROOM?

Defendant contends he has standing to challenge the unlawful entry of the police officers because he had a reasonable expectation of privacy at the apartment where he was a guest.

Section 844 provides: "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer, may break open the door or

---

[3]*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired."

█ An entry accomplished in violation of section 844, when applicable, will render any subsequent search "unreasonable" within the meaning of the Fourth Amendment. (*People* v. *Negrete* (1978) 82 Cal.App.3d 328, 335 [147 Cal.Rptr. 101].) █ Defendant has properly reserved on appeal the issue of noncompliance with section 844 for determination by this court by promptly raising the issue as a ground of his motion to suppress under section 1538.5 and by seeking appropriate extraordinary relief upon denial of his motion. (*Greven* v. *Superior Court* (1969) 71 Cal.2d 287, 290-291 [78 Cal.Rptr. 504, 455 P.2d 432].)

█ The People contend defendant's standing to challenge the entry of the police officers into room 108 and their subsequent search hinges upon the continued viability of the "vicarious exclusionary rule" in California. They are mistaken. Defendant concedes that searches occurring after the adoption of Proposition 8, the Victim's Bill of Rights, (Cal. Const., art. II, §§ 8, 10, subd. (a); art. XVIII, § 4) on June 8, 1982, are no longer subject to the "vicarious exclusionary rule" adopted by our Supreme Court in *People* v. *Martin* (1955) 45 Cal.2d 755, 761 [290 P.2d 855]. This concession by defendant was confirmed in *In re Lance W.* (1985) 37 Cal.3d 873, 879 [210 Cal.Rptr. 631, 694 P.2d 744], where the court concluded: ". . . that Proposition 8 has abrogated both the 'vicarious exclusionary rule' under which a defendant had standing to object to the introduction of evidence seized in violation of the rights of a third person, and a defendant's right to object to and suppress evidence seized in violation of the California, but not the federal, Constitution."[4]

█ Rather than rely on the now-defunct "vicarious exclusionary rule," defendant contends he had a reasonable expectation of privacy at the apartment where he was a guest, without resort to the standing of Phillips, and, thus, may personally challenge the alleged unlawful entry of the police officers. While defendant's premise as to standing is correct, in the final analysis his contention must fail.

---

[4]In *Rakas* v. *Illinois* (1978) 439 U.S. 128, 133-134 [58 L.Ed.2d 387, 394-395, 99 S.Ct. 421], rehearing denied (1979) 439 U.S. 1122 [59 L.Ed.2d 83, 99 S.Ct. 1035], the United States Supreme Court held: Fourth Amendment rights are personal rights which may not be vicariously asserted; a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed; since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections.

Defendant's reliance upon *Holloway* v. *Wolff* (8th Cir. 1973) 482 F.2d 110, 112-113, to support his contention he had a reasonable expectation of privacy in the hotel apartment where he was a guest is misplaced. As the People correctly point out, the *Holloway* holding on standing relied upon the principle of *Jones* v. *United States* (1960) 362 U.S. 257, 267 [4 L.Ed.2d 697, 706, 80 S.Ct. 725, 78 A.L.R.2d 233], that "anyone legitimately on premises where a search occurs may challenge its legality." However, the Supreme Court rejected this "automatic standing" rule in *United States* v. *Salvucci* (1980) 448 U.S. 83, 84-85 [65 L.Ed.2d 619, 623-624, 100 S.Ct. 2547]. There the court stated:

"Relying on *Jones* v. *United States,* 362 U.S. 257 (1960), the Court of Appeals for the First Circuit held that since respondents were charged with crimes of possession, they were entitled to claim 'automatic standing' to challenge the legality of the search which produced the evidence against them, without regard to whether they had an expectation of privacy in the premises searched. 599 F.2d 1094 (1979). Today we hold that defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated. The automatic standing rule of *Jones* v. *United States, supra,* is therefore overruled." (*Ibid.*)

Defendant cites no other authority to support his contention of a reasonable expectation of privacy at Phillips' apartment. ■ The proponent of a motion to suppress has the burden of establishing his own Fourth Amendment rights were violated by the challenged search or seizure. (*Rakas* v. *Illinois, supra,* 439 U.S. 128, 131, fn. 1 [58 L.Ed.2d 387, 393]; *Rawlings* v. *Kentucky* (1980) 448 U.S. 98, 104-105 [65 L.Ed.2d 633, 641, 100 S.Ct. 2556].) ■ The mere legitimate presence on the searched premises by invitation or otherwise is insufficient in itself to create a protectable expectation. A defendant must also establish a legitimate expectation of privacy in the particular area searched in order for a Fourth Amendment challenge to be allowed.

In *United States* v. *Meyer* (5th Cir. 1981) 656 F.2d 979, 981, certiorari denied 465 U.S. 1065 [79 L.Ed.2d 739, 104 S.Ct. 1413], the court stated:

"Whether a defendant's Fourth Amendment rights have been violated by an unlawful search turns on his 'legitimate expectation of privacy' in the area searched. *Rakas* v. *Illinois,* 439 U.S. at 143, 99 S.Ct. at 430. While an ownership or possessory interest is not necessarily required, the mere legitimate presence on the searched premises by invitation or otherwise, is insufficient in itself to create a protectable expectation. *Id.,* at 142-43, 99 S.Ct. at 429-30. *See also Vicknair, supra,* 610 F.2d at 379.

"A defendant must also establish a legitimate expectation of privacy in the *particular area* searched in order for a Fourth Amendment challenge to be allowed."

In the instant case, defendant has wholly failed to establish he had a reasonable expectation of privacy at Phillips' apartment and his own Fourth Amendment rights were violated by the challenged search and seizure. At the hearing on his motion to suppress, defendant and the People stipulated the preliminary hearing testimony of Detective Garcia would be submitted to the court and defendant then called only Detective Perry to testify to the events leading up to and the officers' subsequent entry into the hotel apartment, defendant's arrest and the search. Defendant did not personally testify and he called no witnesses on his behalf. Neither Jerry Phillips nor the hotel clerk were called. The sum of the evidence before the trial court was that a Jerry Phillips and his family occupied room 108, that a person resembling defendant had been seen in that area, and the officers' entry and arrest of defendant. Although defendant was on the searched premises, he failed to prove an invasion of any legitimate expectation of privacy in apartment 108 of the Exeter Hotel.

II. Did the Police Officers Violate the Knock and Notice Requirement of Section 844?*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is affirmed.

Hamlin, Acting P. J., and Best, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 22, 1985.

---

*See footnote, *ante,* page 197.