[No. E008045. Fourth Dist., Div. Two. Feb. 27, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
LADALE EUGENE WILLIAMS, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part B.

## COUNSEL

Brian P. Trela, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Steven H. Zeigen and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

McKINSTER, J.—After his motion to suppress evidence was denied (Pen. Code, § 1538.5), the defendant pleaded guilty and was convicted. We reverse the judgment and remand the cause for further proceedings on the suppression motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 1989, a warrant was issued for the search of both a duplex apartment in Rialto and the person of the defendant. When the warrant was executed on January 4, 1990, no occupants of the apartment were present. Upon searching the apartment, the officers discovered marijuana and rock cocaine. Based upon these discoveries, the officers decided to arrest the defendant if he were to appear.

While the search of the apartment was continuing, the defendant drove up and parked in front of the apartment. He was ordered out of the car and was immediately arrested and handcuffed.

After the arrest of the defendant, officers inside the apartment discovered various documents bearing the name of the defendant, some photographs of the defendant, and two shotguns. Meanwhile, the defendant was transported to the police station, where a custodial search revealed a "wad" of currency and additional rock cocaine.

The information charged the defendant with three offenses: (1) possession of cocaine for sale, in violation of Health and Safety Code section 11351; (2) possession of cocaine base for sale, in violation of Health and Safety Code section 11351.5; and (3) possession of marijuana for sale, in violation of

Health and Safety Code section 11359. As to counts 1 and 2, it also alleged that the defendant had suffered a prior felony conviction within the meaning of Health and Safety Code section 11370.2, and had been armed with a firearm within the meaning of Penal Code section 12022, subdivision (c).

The defendant moved to suppress the evidence derived from the searches of both the apartment and his person, but the motion was denied. Thereafter, the defendant withdrew his not guilty plea to count 1 (possession of cocaine for sale), and changed his plea to guilty. In exchange, the other two counts were dismissed, and the enhancement regarding count 1 was stricken. That plea was accepted, and the defendant was sentenced to the agreed-upon term of imprisonment of four years and eight months.[1]

## CONTENTIONS

The defendant argues that the evidence seized from the apartment should have been suppressed because the information set forth in the affidavit upon which the search warrant was issued was too stale to establish probable cause. The evidence seized from the defendant's person following his arrest should also have been suppressed, he submits, because the arrest was the result of the evidence illegally obtained from the apartment. Finally, he contends that the search of the apartment cannot be saved on the basis of the executing officers' good faith.

The People defend against these contentions with four responses: that the defendant failed to establish that he had standing to contest the search of the apartment; that the defendant is barred from raising the inadequacy of the search warrant affidavit because the issue was not raised below; that the information in the affidavit was not stale; and that in any event the evidence was admissible under the good faith exception.

We conclude that the trial court erred by excluding evidence relevant to the defendant's standing. That error was prejudicial, because the defendant was thereby prevented from making a meritorious challenge to the search warrant. Therefore, we reverse the judgment and remand the matter to the trial court to determine whether the invalid search can be saved by the good faith exception.

---

[1]Four years were imposed for the possession of cocaine for sale. The additional 8 months resulted when the court stayed 16 months of an earlier 24-month sentence for violating probation.

## Discussion

A. *The Trial Court Erred by Excluding Evidence of the Defendant's Standing to Contest the Search of the Apartment.*

The defendant brought his motion to suppress in the superior court in the first instance. In it, he sought to suppress the evidence which resulted from two searches: that of the apartment, and that of the defendant himself.

■ To prevail on a motion to suppress, a defendant has the burden to prove that he has standing to bring that motion, i.e., that he had a legitimate expectation of privacy in the particular area searched or thing seized. (*People v. Hernandez* (1988) 199 Cal.App.3d 1182, 1189 [245 Cal.Rptr. 513].) Evidence of the defendant's possessory interest in the items seized, without more, is insufficient to demonstrate that expectation of privacy. (*United States v. Salvucci* (1980) 448 U.S. 83, 92-93 [65 L.Ed.2d 619, 629, 100 S.Ct. 2547].) Similarly, evidence of the defendant's "mere legitimate presence on the searched premises by invitation or otherwise is insufficient in itself to create a protectable expectation." (*People v. Ooley* (1985) 169 Cal.App.3d 197, 202 [215 Cal.Rptr. 112].) Instead, the court must look to the totality of the circumstances, including " ' "whether the defendant has a [property or] possessory interest in the thing seized or the place searched; whether he has the right to exclude others from that place; whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises." ' " (*People v. Hernandez, supra,* at p. 1189.)

■■■■ At the outset of the hearing on his motion, the court asked the defendant to address first the issue of his standing to contest the search of the apartment.[2] To do so, the defendant called Officer Martinez, who executed the search warrant, to testify. In response to defense counsel's questions, Martinez testified that he had discovered several documents bearing the defendant's name in a dresser drawer in a bedroom in the apartment. At that point, the People objected to that line of questioning, apparently on the ground that the documents were irrelevant to the issue of standing.[3] The judge, characterizing the documents as hearsay, sustained the objection. When the defense indicated that it had no other evidence to offer

---

[2] A trial court has the discretion to determine whether standing should be determined prior to entertaining evidence addressed solely to the reasonableness of the search. (*People v. Contreras* (1989) 210 Cal.App.3d 450, 456 [258 Cal.Rptr. 361].)

[3] The text of the prosecutor's objection was: "Your Honor, I would object at this point. [Defense counsel] is putting the cart before the horse. He still has to establish standing before he can ask questions about the search warrant."

on the standing issue, the trial court denied the suppression motion as to the search of the apartment, on the ground that the defendant had failed to show that he had standing to complain of that search.[4]

As will be shown, we conclude that the People's relevancy objection to that evidence was unfounded, the documents were not hearsay, and thus the exclusion of evidence of those documents was erroneous.

### 1. *The Documents Are Relevant to the Defendant's Standing.*

From the preliminary hearing transcript, we know that Officer Martinez found three documents bearing the defendant's name: a fishing license and two checks payable to the defendant, one of which was a paycheck. The documents were found in the southeast bedroom of the apartment, the same room in which the contraband was discovered.

The People's contention that these documents are irrelevant to the defendant's standing to contest the search of the apartment is curious, since they offered the identical evidence at the preliminary hearing for the obvious purpose of convincing the magistrate that the defendant had possession and control of the contraband found in the apartment. Moreover, in their points and authorities in opposition to the defendant's motion to suppress, the People expressly argued that the "documents bearing the name of LaDale Eugene Williams within the same room [as the contraband were] indicia of dominion and control."

---

[4]Because the motion to suppress was brought in the superior court in the first instance, the defendant's evidentiary showing in support of the motion was not limited to the transcript of the preliminary hearing. (Cf. Pen. Code, § 1538.5, subd. (i).) Nevertheless, it is a common practice for the parties to stipulate to the incorporation of that transcript as part of the record on the motion, in order to avoid the unnecessary repetition of testimony relevant to the suppression proceedings.

Here, no such stipulation appears in the record. However, we note that the judge hearing the motion stated that "[t]he record that we have for this motion, as I understand it, is that the transcript of the preliminary hearing and the points and authorities and what other supplemental matters you care to offer . . . ." Since neither side corrected that understanding, this passage suggests that the parties understood that the preliminary hearing transcript had been incorporated into the evidentiary record for the motion.

On the other hand, if the transcript had been incorporated, then the People's objection to the admissibility of the documentary evidence, and the trial court's ruling on that objection, would have been meaningless, because that evidence had been admitted into evidence at the preliminary hearing, and thus was already before the superior court judge hearing the motion. Similarly, the trial court's ruling that the evidence failed to demonstrate the defendant's standing would have been clearly erroneous.

Here, the actions of the court and the parties speak louder than the trial court's anomalous characterization of the factual record. Accordingly, in order to resolve this contradiction, we will presume for the purpose of our analysis that the only evidence submitted to the superior court judge was the testimony which was elicited at the hearing on the suppression motion.

■ As the People implicitly recognized both at the preliminary hearing and in their written argument, the various documents in his name have some "tendency in reason to prove" (Evid. Code, § 210) that the defendant was residing in the apartment and thus had a reasonable expectation of privacy in its contents, or at least in the contents of that bedroom. (*People* v. *Koury* (1989) 214 Cal.App.3d 676, 687-689 [262 Cal.Rptr. 870]; *People* v. *Hamilton* (1985) 168 Cal.App.3d 1058, 1064-1066 [214 Cal.Rptr. 596].) Accordingly, there is no merit in the People's objection to the introduction of that evidence at the hearing on the defendant's suppression motion on the grounds that the documents were irrelevant to the issue of the defendant's standing.[5]

### 2. *The Documents Are Not Hearsay.*

Since the documents could not have been properly excluded on the basis of their alleged irrelevance, we turn next to the ground upon which the trial court apparently relied. The trial court opined that the documents were being offered for the truth of the matter being asserted therein—i.e., that the defendant lived at the apartment, as indicated by the address on the license and on the checks[6]—and that they are therefore inadmissible hearsay.[7]

In their brief before this court, the People reiterate the trial court's characterization of the documents as hearsay, without citing any authority. They may have been relying upon that portion of Justice Jefferson's treatise in which he argues that such evidence is hearsay, although he is similarly unable to cite authority for that proposition. (1 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Hearsay and Nonhearsay, § 1.3, pp. 46-48.)

Justice Jefferson addresses the precise issue presented here: whether documentary evidence is admissible to prove residence or occupancy. Using

[5]The relevance of the documents is also established by the fact that they were among the items seized at the apartment, and were thus included within the scope of the defendant's motion to suppress. It is certainly appropriate to elicit a description of the items seized and their location as a preliminary step to demonstrating the defendant's expectation of privacy in those items or that place.

[6]At least two of the three documents listed not only the defendant's name, but also the address of the apartment.

[7]Immediately after the prosecutor had stated his irrelevancy objection, the judge said:

"THE COURT: The documents themselves are hearsay, I believe, if you are offering for the truth of the matter stated for the information that you want to support that that's Mr. Williams' residence.

"  . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: And you want to offer it for the truth of the matter stated and the truth of the matter for those documents, that you're offering that to prove that that Mr. Williams is your Mr. Williams, and that name is Mr. Williams, and you want to draw the inference because of that that it's true that he lives there. And we have, I think, an appropriate objection, and I don't think you can show standing in that fashion."

a bill from an electric utility as an example, Justice Jefferson concludes that the bill is inadmissible hearsay. He reasons that while it is not being offered to prove the truth of any express statement by the utility company (e.g., that the person to whom the bill was addressed is indebted to the utility in the amount stated), it *is* being offered to prove the statement implied in the bill: "that a person of defendant's name is the *possessor* or *occupant* of the premises the street address of which is set forth on the bill, and who applied for utility service at such address, and who agreed to pay for the utility service furnished." (1 Jefferson, *op. cit. supra*, p. 47.) Jefferson goes on to assert that the admission of the document cannot be justified as being circumstantial evidence of the defendant's place of residence, arguing that "[t]he utility bill has relevancy to establish that *defendant* was the *possessor* of the premises *only* by accepting as true the implied statement of the utility company that defendant, as the person named on the utility bill, is the possessor or occupant of the premises . . . ." (*Ibid.*) He concludes that the bill must be excluded as hearsay unless some exception applies. (*Ibid.*)

However, we disagree with the trial court, the People, and Justice Jefferson. In our view, Justice Jefferson's conclusion is wrong because his second argument fails. Contrary to his contention, the implied statement that the person named is the possessor of the described premises is not the only reason why a utility bill is relevant to the issue of possession. For instance, even if the bill bore only a person's name, without any address whatsoever, it would still be circumstantial evidence that that person resided in the apartment where the bill was found. That is because a utility bill is an item of personal property of the type which is more likely to be found in the residence of the person named than in the residence of any other person. That inference is reasonable whether or not the item bears the address of the place where it is discovered. The nature of the item, coupled with the name it bears, is sufficient to give rise to the inference that the person named resides in that place.

■  Like a utility bill, the fishing license and two checks at issue here are more likely to be found in the residence of the person named on those documents than in the residence of any other person. Accordingly, regardless of the truth of any express or implied statement contained in those documents, they are circumstantial evidence that a person with the same name as the defendant resided in the apartment from which they were seized. Therefore, when introduced for the purpose of showing that residency, they are

admissible nonhearsay evidence. The trial court erred by preventing the defendant from introducing the three documents bearing his name.[8]

B. *The Exclusion of the Evidence Was Prejudicial.**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is reversed and the cause remanded to the superior court. That court is directed to conduct further proceedings on the defendant's suppression motion, to determine whether the good faith exception applies. If the trial court determines that the officer was acting in a good faith reliance upon the existence of probable cause and the validity of the warrant, then it shall deny the motion and reinstate the original judgment. On the other hand, if the motion is granted in any respect, then the trial court shall vacate the guilty plea if the defendant makes an appropriate motion within 30 days after that ruling. In that event, the court should reinstate the original charges contained in the information, if the People so move. If the defendant does not move to vacate the plea, the trial court is directed to reinstate the original judgment.

Hollenhorst, Acting P. J., and Timlin, J., concurred.

---

[8]The exclusion of the documents prevented the defendant from establishing standing on the basis of that evidence. However, his standing could also have been established had he introduced other evidence tending to prove his reasonable expectation of privacy. Indeed, the standing issue could have been quickly resolved had the defendant simply testified to his possessory interest in the apartment and his ownership of the drugs. His reluctance to do so appears to be unfounded. " '[W]hen a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt . . . .' Therefore, appellant certainly could have asserted (by testifying) his Fourth Amendment rights with respect to the [apartment] without waiving his privilege against self-incrimination." (*People* v. *Stanislawski* (1986) 180 Cal.App.3d 748, 757 [225 Cal.Rptr. 770], quoting from *Simmons* v. *United States* (1968) 390 U.S. 377, 394 [19 L.Ed.2d 1247, 1259, 88 S.Ct. 967].)

*See footnote, *ante*, page 1535.