[Crim. No. 15868. Fourth Dist., Div. One. Oct. 22, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
CHEZ DAAN, Defendant and Appellant.

**COUNSEL**

Frederic L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUTLER, J.**—Chez Daan appeals the denial of his Penal Code section 1538.5 motion to suppress the use in evidence of marijuana cigarettes seized from Richard Edward Bryan, believed by the police to have purchased the cigarettes from Daan. We shall hold Proposition 8 abolishes the vicarious exclusionary rule and affirm Daan's conviction.

I

On October 20, 1983, San Diego Police Officer John Minto saw Bryan give Daan money and receive in exchange an unidentified object. The two men parted and went their separate ways. Minto saw Bryan place the object then identified as cigarettes into a cigarette package. Minto radioed his partner, Officer Borden, to contact Bryan and recover the marijuana cigarettes from the cigarette package. Borden stopped Bryan, asked for and received the package of cigarettes. Borden removed seven marijuana joints and returned the cigarette package to Bryan, who then left the scene after Minto told him he was free to go. We hear no more of him.

An hour or so later, Minto located and arrested Daan, who was bound over on a charge of sale of marijuana in violation of Health and Safety Code section 11360, subdivision (a). The court denied Daan's section 1538.5 motion to suppress the marijuana joints on the ground Proposition 8 abolished California's vicarious exclusionary rule. Daan then pleaded nolo con-

tendere to a misdemeanor violation of sale of a controlled substance. Imposition of sentence was suspended and Daan was placed on probation for 3 years on condition he serve 60 days in jail with credit of 60 days for time served.

## II

The People claim the sole issue on appeal is Daan's vicarious right to assert the illegality of Bryan's detention and the seizure of the marijuana. The legality of Bryan's detention and the seizure by Officer Borden from him of the seven marijuana joints is not addressed by the People. Daan vigorously asserts the illegality of both.

Article I, section 28, subdivision (d) (section 28(d)) of the California Constitution became effective June 9, 1982, following the enactment by the people of the initiative measure known as Proposition 8. It provides as follows: "*Right to Truth-in-Evidence.* Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

The People contend section 28(d) mandates all relevant evidence is now admissible in any criminal proceeding except evidence violative of federal constitutional directions. This result is said to be compelled by the legislative analysis of section 28(d) contained in the California Ballot Pamphlet for the June 8, 1982, Primary Election: "Under current law, certain evidence is not permitted to be presented in a criminal trial or hearing. For example, evidence obtained through unlawful eavesdropping or wiretapping, or through unlawful searches of persons or property, cannot be used in court. This measure generally would allow most relevant evidence to be presented in criminal cases, subject to such exceptions as the Legislature may in the future enact by a two-thirds vote. The measure could not affect *federal* restrictions on the use of evidence." Commentators have concluded the purpose of section 28(d) was to eliminate independent state grounds for exclusion of illegally obtained evidence, leaving the federal Constitution as interpreted by controlling federal decisions as the sole basis for exclusion (Witkin, Cal. Criminal Procedure (1983 supp., part 1) Changes in Law of Evidence, §§ 23X, 23Z, 23MM, pp. 61, 68). The syllogism has not been explicated. We proceed to do so.

" 'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) ■ Relevancy is concerned with the probative quality of the evidence offered; the tendency of the evidence to establish a material proposition (Witkin, Cal. Evidence (2d ed. 1966) Relevancy, § 302, p. 266). ■ Turning to the case at hand, the marijuana cigarettes found in Bryan's cigarette package were seen by Officer Minto to have been passed by Daan to Bryan in exchange for money. Bryan's possession of the cigarettes thus has a tendency in reason to prove Daan sold them to Bryan, a disputed fact and an essential element of the charged offense. The fact of Bryan's marijuana cigarette possession is, accordingly, "relevant evidence."

Prior to the passage of Proposition 8, evidence obtained in violation of federal or California constitutional guarantees against unreasonable search or seizure was inadmissible in a criminal trial. (*People* v. *Cahan* (1955) 44 Cal.2d 434, 442 [282 P.2d 905, 50 A.L.R.2d 513].) Such evidence is, obviously, relevant as otherwise it would be excludable as irrelevant. *People* v. *Martin* (1955) 45 Cal.2d 755, 759-761 [290 P.2d 855] established the "vicarious exclusionary rule" entitling a defendant to object to the introduction of evidence illegally seized from a third person. The later enactment in 1965 of Evidence Code section 351 stating in its entirety "Except as otherwise provided by statute, all relevant evidence is admissible" did not abolish the *Martin* rule. Defendants continued to be able to assert the vicarious exclusionary rule barring the admission of relevant evidence illegally seized from a third person. (*Kaplan* v. *Superior Court* (1971) 6 Cal.3d 150, 161 [98 Cal.Rptr. 649, 491 P.2d 1].)

■ The federal rule is different. A defendant can challenge only a violation of his own reasonable expectation of privacy. He cannot assert the illegality of the search of a third person makes inadmissible as to him the evidence seized in the course of the illegal search. (*United States* v. *Salvucci* (1980) 448 U.S. 83 [65 L.Ed.2d 619, 100 S.Ct. 2547]; *Rawlings* v. *Kentucky* (1980) 448 U.S. 98 [65 L.Ed.2d 633, 100 S.Ct. 2556]; *Rakas* v. *Illinois* (1978) 439 U.S. 128 [58 L.Ed.2d 387, 99 S.Ct. 421].)

While earlier cases assumed an identity between the Fourth Amendment of the federal Constitution and its counterpart, article I, section 13 of the California Constitution,[1] later California cases on search and seizure were

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized."

bottomed on independent state grounds asserting the power to impose higher standards on searches and seizures than required by the federal Constitution. (*People* v. *Norman* (1975) 14 Cal.3d 929 [123 Cal.Rptr. 109, 538 P.2d 237]; *People* v. *Brisendine* (1975) 13 Cal.3d 528 [119 Cal.Rptr. 315, 531 P.2d 1099]; *People* v. *Triggs* (1973) 8 Cal.3d 884, 891-892, fn. 5 [106 Cal.Rptr. 408, 506 P.2d 232], disapproved on other grounds in *People* v. *Lilienthal* (1978) 22 Cal.3d 891 [150 Cal.Rptr. 910, 587 P.2d 706]; Witkin, Cal. Criminal Procedure (1983 supp., part 1) Changes in Law of Evidence, §§ 23X, 23Z, 23AA et seq.) The California exclusionary and vicarious exclusionary rules thus are different from and impose more stringent standards than those explicated by federal authority.

We now state the syllogism. Prior to Proposition 8, relevant evidence illegally seized was excludable. A defendant could assert the illegality of a search of a third person and the exclusion of evidence illegally seized from such person. Section 28(d) provides relevant evidence shall not be excluded. Therefore, California rules which are contrary to federal rules excluding relevant evidence seized in the course of illegal searches are abrogated by section 28(d). As Proposition 8 cannot reach the federal Constitution, only the federal Fourth Amendment constraints on searches and seizures as explicated by the United States Supreme Court[2] are valid in California. The United States Supreme Court does not recognize the vicarious exclusionary rule; ergo, Daan cannot assert the illegality of Bryan's detention and the seizure of the marijuana cigarettes.

### III

Having stated the proposition, we examine its validity. As we have seen, the phrase "relevant evidence shall not be excluded" does not ring the bell of clarity. To ascertain its meaning as defined by the people requires our analysis of state and federal constitutional and case law. To establish its validity requires our further examination of its consequences.

### A.

Article I, section 13 of the California Constitution paralleling the federal Fourth Amendment does not expressly require the exclusion of evidence as a remedy to compel compliance with its mandate by law enforcement officials. *People* v. *Cahan, supra,* 44 Cal.2d at page 442, held as a

---

[2]California courts are not required to follow decisions of the federal district courts or courts of appeal. We are bound by United States Supreme Court decisions on questions of federal constitutional law. (*People* v. *Bradley* (1969) 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129].)

"judicially declared rule of evidence" that evidence obtained in violation of section 13 is excludable. Section 28(d) does not repeal or amend section 13 rights; section 28(d) simply abrogates the remedies fashioned by our courts for section 13 violations. While *Kaplan, supra,* 6 Cal.3d 150, concluded the *Martin* rule was based on principles compelled by *Cahan* and *Mapp* v. *Ohio* (1961) 367 U.S. 643 [6 L.Ed.2d 1081, 81 S.Ct. 1684, 84 A.L.R.2d 933], and thus was an exception provided by our Constitution and thereby excluded from the operation of Evidence Code section 351, we find no provisions for such exclusion from the thrust of section 28(d). Section 13 continues to pronounce search and seizure rights; section 28(d) requires we look to federal authority to define the remedies for violations of those rights.

### B.

Penal Code section 1538.5, enacted in 1967, established procedures for the suppression of evidence obtained as a result of unlawful searches or seizures and provided as a deterrent to unlawful governmental seizure activity evidence so seized as an adjunct to such a search would not be admissible. (*People* v. *Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473].)

Penal Code section 1538.5 as in effect at the time section 28(d) was enacted authorized motions to suppress evidence on several grounds, including "(a)(2)(v) [if] there was any other violation of federal or state constitutional standards." As we have seen, the vicarious exclusionary rule in California was based upon independent state grounds arising out of article I, section 13 of the California Constitution, the narrower view of the Fourth Amendment to the federal Constitution taken by the United States Supreme Court having been rejected by the California Supreme Court. Following our syllogism, section 28(d) must be deemed to have repealed so much of subdivision (a)(2)(v) as concerns violation of "state" constitutional standards. However, section 28(d) provides "Except as provided by statute hereafter enacted by a two-thirds vote" of each house of the Legislature, relevant evidence shall not be excluded.

Daan contends the post-Proposition 8 unanimous legislative enactments of Penal Code section 1538.5 reinstate pre-Proposition 8 exclusionary rules. Subsequent to the enactment of section 28(d), two chapter bills reenacting Penal Code section 1538.5 were passed by both houses of the Legislature. Statutes 1982, chapter 625 unanimously passed the Assembly and Senate June 29 and August 12 respectively as an urgency measure and was signed by the Governor August 27, 1982. The reenactment included the exact language that preexisted Proposition 8, i.e., motions to suppress evidence

could be made on several grounds, including "(a)(2)(v) [if] there was any other violation of federal or state constitutional standards." That version of Penal Code section 1538.5 effective August 27, 1982, included the following section 2: "The amendment of Section 1538.5 of the Penal Code by this act does not create any new grounds for exclusion of evidence that did not exist prior to this act. The Legislature intends that the changes made by this act are procedural only." Section 2 of chapter 625 thus recognizes grounds for exclusion of evidence which existed prior to its enactment.

Statutes 1982, chapter 1505, section 6, was passed unanimously by both houses (the Senate on Aug. 18 and the Assembly on Aug. 24, 1982) and became effective January 1, 1983, reenacting in its entirety Penal Code section 1538.5, including subdivision (a)(2)(v). This reenactment does not include section 2 of chapter 625, disclaiming the creation of new grounds for exclusion of evidence and proclaiming the changes to be procedural only. Section 6 of chapter 1505 takes precedence over the earlier reenactment of Penal Code section 1538.5 in chapter 625.

Initially, Daan's argument is attractive. If section 28(d) repealed section 1538.5 state constitutional grounds for exclusion of evidence, subsequent reenactments of that language restores it.

■ When the Legislature reenacts without change provisions that have been judicially construed, the Legislature is presumed to have been aware of and acquiesced to the previous judicial construction. Accordingly, reenacted portions of the statutes are given the same construction they received before the amendment. (*Marina Point Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 734 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161]; *People* v. *Curtis* (1969) 70 Cal.2d 347, 355 [74 Cal.Rptr. 713, 450 P.2d 33].)

■ Upon further analysis, the argument fails to persuade. Section 1538.5 is procedural in nature prescribing the mechanisms for suppression of evidence. (*People* v. *Belleci, supra,* 24 Cal.3d at p. 884.) ■ "First, the broad goal of the Legislature in enacting section 1538.5 was to provide an orderly and unified procedure for (1) making pretrial challenges to the admission of evidence on the ground that it was the product of an unconstitutional search or seizure and (2) obtaining prompt appellate review of the rulings of the lower courts on such challenges. [Citations.] It in no way frustrates that purpose to provide that the corollary of a successful motion to suppress shall be to bar the People from thereafter introducing the illegal evidence either at the trial or, if the defendant is convicted, at his sentencing hearing. On the contrary, it *would* effectively nullify the statutory intent if, after the defendant secured a court order suppressing such evidence and the People failed to seek appellate review, the prosecution were nevertheless

allowed to use that same evidence against him in subsequent proceedings: although the legislation is procedural in nature, its elaborate mechanism would obviously be superfluous if the result of invoking it were such a Pyrrhic victory." (*Id.*, at pp. 884-885.) ■ The retention of the simple phrase "state constitutional standards" embedded in a lengthy procedural statute cannot, in reason, constitute the repeal of the people's initiative.

## C.

In its totality, section 28(d) impacts upon many rules of evidence. (*Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 255, 257 [186 Cal.Rptr. 30, 651 P.2d 274].) While we may boggle at the devastation wrought to longstanding evidentiary concepts and the exclusionary rule by the simple phrase "all relevant evidence shall not be excluded" in section 28(d), we are reminded that small phrases start large wars and simple sentences produce generations of litigation.

## IV

We hold section 28(d) abrogates California's vicarious exclusionary rule, the court correctly denied the motion to suppress the evidence seized from Bryan and affirm Daan's conviction and sentence.

Wiener, Acting P. J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1984. Mosk, J., and Reynoso, J., were of the opinion that the petition should be granted.