[No. A131741. First Dist., Div. Five. June 6, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
CERINA VENICE LAZLO, Defendant and Appellant.

**COUNSEL**

Jeremy Price, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and René A. Chacón, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BRUINIERS, J.**—Cerina Venice Lazlo was placed on probation following her guilty plea to one count of burglary (Pen. Code, § 459)[1] and one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378). That probation was revoked after her subsequent arrest on new criminal charges. The evidence supporting that arrest was suppressed after hearing under section 1538.5, and the new charges dismissed, but was nevertheless used as a basis for the probation revocation. Lazlo argues that the order reinstating and

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

modifying the terms of her probation must be reversed because section 1538.5, subdivision (d), prohibits reliance on previously suppressed evidence at the probation violation hearing. We disagree and affirm.

## I. BACKGROUND

In February 2009, pursuant to a plea bargain, the trial court suspended imposition of sentence on the burglary and methamphetamine charges and placed Lazlo on probation for a term of five years. As a condition of her probation, she was required to "conduct [herself] in a law-abiding manner."

On August 27, 2010, Novato Police Department Sergeant Jennifer Welch and Officer Blake Dunbar entered a motel room in connection with a parole search directed at William Charleson. When they entered, they found a woman, later identified as Lazlo, sleeping in the bed.[2] After waking Lazlo, Welch and Dunbar identified themselves and asked if she had any identification. Lazlo pointed to a black purse on the floor, but did not say anything. Welch retrieved the purse and asked, "Is it in here?" Lazlo said nothing. Welch opened up a wallet from the purse and found a California driver's license with Lazlo's photo and the name "Tara Simon." When Welch ran the name, Tara Simon, through dispatch, Lazlo stated, "That's not me." Lazlo then gave her true name. Counterfeit bills, methamphetamine, and financial information belonging to third parties were discovered inside the motel room.

On August 31, 2010, a complaint, charging five new offenses, was filed against Lazlo. A petition for revocation of probation was also filed based on the new charges. On November 15, 2010, a first amended complaint was filed, which charged Lazlo with possession of a forged driver's license (§ 470b) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). At a preliminary hearing in January 2011, Superior Court Judge Paul Haakenson heard evidence in connection with Lazlo's motion to suppress the evidence obtained by search of her purse. At the conclusion of the preliminary hearing, Lazlo's motion to suppress was granted, and the charges against her were dismissed. With respect to possession of the forged driver's license, the court concluded that the People had failed to meet their burden to show that the search was legal as a search incident to arrest, pursuant to probation or parole waivers, or pursuant to Lazlo's consent. With respect to the possession of methamphetamine count, the court found insufficient evidence that Lazlo exercised dominion and control over the methamphetamine found in the room.

---

[2] Welch did not know that Lazlo was on probation.

Thereafter, in February 2011, Lazlo filed a motion to dismiss the petition to revoke probation, which was also heard by Judge Haakenson. Lazlo argued that section 1538.5, subdivision (d), and *People v. Zimmerman* (1979) 100 Cal.App.3d 673 [161 Cal.Rptr. 188] (*Zimmerman*) mandated suppression of the evidence at the probation revocation hearing because it had been ordered suppressed in her criminal case. The People opposed Lazlo's motion, arguing that the authority upon which she relied had been abrogated by "the truth-in-evidence" provisions of Proposition 8, which became effective in 1982. (Cal. Const., art. I, § 28, subd. (f), par. (2).) The court agreed and denied Lazlo's motion.

Declining to follow the authority relied on by Lazlo, the court explained, "none of the cases provide any post Proposition 8 authority that's binding on this Court. [¶] And the Court's view of the evidence in this case is that the suppression was based on . . . a[n] extremely minimal intrusion by the police officers. Reasonable minds could even differ profoundly as to whether or not that evidence should have been suppressed, but that's stated only for purposes of underscoring that the officers' conduct was certainly not egregious or offensive in any way, it did not shock the Court's conscience . . . and was simply . . . I think an error by the police in asking for identification, which they had the right to do, versus just looking for it, rather than have the suspect look for it."

After the parties submitted the matter on the evidence presented at Lazlo's preliminary hearing, the court found that Lazlo had violated her probation by possessing a forged driver's license. The court revoked and reinstated Lazlo's probation, on the condition that she have no contact with her codefendants and "possess no identification of other people, possess no checks belonging to other individuals except in the course of her employment requirements." Lazlo was also ordered to serve 210 days in county jail, with credit for 210 days served. Lazlo filed a timely notice of appeal.[3]

## II. DISCUSSION

Lazlo insists that section 1538.5, subdivision (d), prohibited the trial court from relying on previously suppressed evidence at the probation violation

---

[3] An order granting probation and suspending imposition of sentence is deemed a final judgment of conviction from which an appeal may be taken. (§ 1237, subd. (a); *People v. Howard* (1997) 16 Cal.4th 1081, 1087 [68 Cal.Rptr.2d 870, 946 P.2d 828]; *People v. Richardson* (2007) 156 Cal.App.4th 574, 582, fn. 2 [67 Cal.Rptr.3d 552].) Accordingly, an order revoking probation or modifying its terms is appealable as an "order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b); see *People v. Vickers* (1972) 8 Cal.3d 451, 453, fn. 2 [105 Cal.Rptr. 305, 503 P.2d 1313]; *People v. Tijerina* (1969) 1 Cal.3d 41, 47–48 [81 Cal.Rptr. 264, 459 P.2d 680]; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [72 Cal.Rptr.3d 340].)

hearing. "Where, as here, there is no factual dispute and the trial court's decision turns solely upon a question of law, the standard of review on appeal is de novo. [Citation.]" (*Hoschler v. Sacramento City Unified School Dist.* (2007) 149 Cal.App.4th 258, 262 [57 Cal.Rptr.3d 115].)

## A. Search and Seizure Law Before Proposition 8

"Section 1538.5 governs motions to suppress evidence obtained as a result of a search or seizure." (*People v. Williams* (1999) 20 Cal.4th 119, 127 [83 Cal.Rptr.2d 275, 973 P.2d 52].) Section 1538.5, subdivision (a), provides: "(a)(1) A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds: [¶] (A) The search or seizure without a warrant was unreasonable. [¶] (B) The search or seizure with a warrant was unreasonable because any of the following apply: [¶] (i) The warrant is insufficient on its face. [¶] (ii) The property or evidence obtained is not that described in the warrant. [¶] (iii) There was not probable cause for the issuance of the warrant. [¶] (iv) The method of execution of the warrant violated federal or state constitutional standards. [¶] (v) There was any other violation of federal or state constitutional standards. [¶] (2) A motion pursuant to paragraph (1) shall be made in writing and accompanied by a memorandum of points and authorities and proof of service. The memorandum shall list the specific items of property or evidence sought to be returned or suppressed and shall set forth the factual basis and the legal authorities that demonstrate why the motion should be granted." Subdivision (d) of the statute which is at issue here, provides, in relevant part: "*If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing* unless further proceedings authorized by this section, Section 871.5, 1238, or 1466 are utilized by the people." (Italics added.)

In *Zimmerman, supra,* 100 Cal.App.3d 673, the defendant, who was on probation, was later searched and found with a pistol and LSD. A felony complaint was filed, as was a petition for revocation of probation. At the preliminary hearing on the criminal charges, the defendant's motion to suppress, filed pursuant to section 1538.5, was granted and the charges dismissed. (100 Cal.App.3d at pp. 674–675.) Division Three of this court held that a probation revocation hearing is a "hearing" within the meaning of section 1538.5, subdivision (d). Accordingly, the *Zimmerman* court concluded that it was error to deny the defendant's motion to exclude evidence at his probation violation hearing that had been previously suppressed at the preliminary hearing. The order modifying the defendant's probation was reversed. (100 Cal.App.3d at p. 676.)

In reaching its conclusion, the *Zimmerman* court relied on *People v. Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473] (*Belleci*), which held that evidence previously ordered suppressed could not be considered at a defendant's sentencing, because sentencing was a "hearing," under section 1538.5, subdivision (d). The *Zimmerman* court explained: "*Belleci* held that subdivision (d) of . . . section 1538.5 'does not make *all* illegally obtained evidence inadmissible "at any trial or other hearing," but only such evidence as has been the subject of a motion to suppress "granted pursuant to the proceedings authorized by this section," i.e., section 1538.5. To that extent alone, the Legislature has "preempted" the . . . judicial function and enacted a "statutory exclusionary rule." ' [Citation.]" (*Zimmerman, supra*, 100 Cal.App.3d at pp. 675–676.)

B. *Evidence Suppression After Proposition 8*

Several years after *Zimmerman* was decided, in 1982, the California voters passed Proposition 8. Proposition 8 enacted article I, section 28 of the California Constitution, which provides in relevant part: "Right to Truth-in-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings . . . ." (Cal. Const., art. I, § 28, subd. (f), par. (2).)

■ Our Supreme Court has observed that Proposition 8 "was intended to permit [the] exclusion of relevant, but unlawfully obtained evidence, only if exclusion is required by the United States Constitution . . . ." (*In re Lance W.* (1985) 37 Cal.3d 873, 890 [210 Cal.Rptr. 631, 694 P.2d 744] (*Lance W.*) [concluding California's vicarious exclusionary rule was abrogated].) "Thus, under Proposition 8, '[F]ederal constitutional standards govern review of issues related to the suppression of evidence seized by the police.' [Citation.]" (*People v. Racklin* (2011) 195 Cal.App.4th 872, 877 [124 Cal.Rptr.3d 735].)

■ Under federal constitutional principles, the search of Lazlo's purse may have violated the Fourth Amendment, but the evidence obtained is nonetheless admissible to establish a probation violation. "The Fourth Amendment of the United States Constitution, which is enforceable against the states as a component of the Fourteenth Amendment's guaranty of due process of law [citation], provides in relevant part: 'The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . .' " (*People v. Williams, supra*, 20 Cal.4th at p. 125.) However, the United States Supreme Court has "emphasized repeatedly that the government's use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution.

[Citations.] Rather, a Fourth Amendment violation is ' "fully accomplished" ' by the illegal search or seizure, and no exclusion of evidence from a judicial or administrative proceeding can ' "cure the invasion of the defendant's rights which he has already suffered." ' [Citation.] The exclusionary rule is instead a judicially created means of deterring illegal searches and seizures. [Citation.] As such, the rule does not 'proscribe the introduction of illegally seized evidence in all proceedings or against all persons,' [citation], but applies only in contexts 'where its remedial objectives are thought most efficaciously served,' [citations]. Moreover, because the rule is prudential rather than constitutionally mandated, [the United States Supreme Court has] held it to be applicable only where its deterrence benefits outweigh its 'substantial social costs.' [Citation.]" (*Pennsylvania Bd. of Probation and Parole v. Scott* (1998) 524 U.S. 357, 362–363 [141 L.Ed.2d 344, 118 S.Ct. 2014] (*Scott*).) In recognition of these costs, the United States Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." (*Id.* at p. 363.)

The United States Supreme Court has not directly addressed whether the exclusionary rule applies in probation revocation hearings but has refused to extend the rule to parole revocation proceedings. (*Scott, supra,* 524 U.S. 357.) But, as Lazlo recognizes, the lower federal and California courts have specifically held that the exclusionary rule does not apply in probation revocation hearings, unless the police conduct at issue shocks the conscience. (See, e.g., *U.S. v. Vandemark* (9th Cir. 1975) 522 F.2d 1019, 1020 ["[t]his accords with the almost unanimous view that the exclusionary rule does not usually apply in probation revocation proceedings"]; *People v. Harrison* (1988) 199 Cal.App.3d 803, 811 [245 Cal.Rptr. 204] (*Harrison*) ["federal law does not require application of the exclusionary rule to probation revocation hearings"]; *People v. Nixon* (1982) 131 Cal.App.3d 687, 691, 693–694 [183 Cal.Rptr. 878].)

## C. *Analysis*

 Lazlo concedes that the police conduct in her case does not shock the conscience or offend our common sense of justice. Thus, "she does not maintain that the evidence excluded at the preliminary hearing . . . should have been excluded in the instant probation violation proceedings pursuant to the Fourth Amendment or any other federal constitutional provision." Instead, Lazlo suggests that "the previously suppressed evidence should have been excluded under California statutory law in accordance with section 1538.5, subdivision (d)." Lazlo suggests that section 1538.5 is not just a procedural statute, but, rather, that subdivision (d) created a substantive basis for exclusion under state law. While that certainly may have been the case when section 1538.5 was enacted in 1967, since the passage of Proposition 8, section

1538.5 simply cannot justify the suppression of evidence not mandated by the federal Constitution. (See *People v. Nixon, supra*, 131 Cal.App.3d at p. 692 ["the proscription against the use of suppressed evidence in [*Zimmerman*] was not based on any constitutional mandate, but rather, the language of Penal Code section 1538.5"].)

Our Supreme Court has observed: "[A]lthough section 1538.5 continues to provide the exclusive procedure by which a defendant may seek suppression of evidence obtained in a search or seizure that violates 'state constitutional standards,' a court may exclude the evidence on that basis only if exclusion is also mandated by the federal exclusionary rule applicable to evidence seized in violation of the Fourth Amendment." (*Lance W., supra*, 37 Cal.3d at p. 896.) And, in *Harrison, supra*, 199 Cal.App.3d 803, Division Two of this court held that the exclusionary rule did not apply at probation revocation hearings, as long as the police conduct was not egregious. The court there explained that Proposition 8 mandated its holding, because the federal Constitution does not require application of the exclusionary rule at probation revocation hearings. (*Harrison*, at pp. 808, 811.) Although section 1538.5, subdivision (d) was not directly at issue in *Harrison*, it is clear from the plain language of Proposition 8 that we can no longer apply an exclusionary rule that is not mandated by the federal Constitution. (Cf. *People v. Moore* (1988) 201 Cal.App.3d 877, 885 [247 Cal.Rptr. 353] ["*Belleci*, a pre-Proposition 8 case, must be construed in light of section 28[ of the California Constitution]. In so doing it is manifestly clear that *Belleci's* unqualified holding that evidence suppressed pursuant to section 1538.5 is inadmissible at any trial or hearing must be modified to include the qualification: if exclusion is mandated by the Fourth Amendment exclusionary rule of the Federal Constitution."].)

Lazlo's reliance on *People v. Willis* (1983) 149 Cal.App.3d Supp. 56 [197 Cal.Rptr. 281] (*Willis*) is misplaced. In *Willis*, an appellate department of the superior court held that section 1538.5, subdivision (d), survived Proposition 8 because "in 1982 our Legislature twice enacted amendments to [section 1538.5], both of which retained the operative provisions of this subdivision." (*Willis, supra*, 149 Cal.App.3d at p. Supp. 59.) This same argument was expressly rejected by the Fourth District Court of Appeal in *People v. Daan* (1984) 161 Cal.App.3d 22, 31 [207 Cal.Rptr. 228] and subsequently, as Lazlo recognizes, by our Supreme Court, in *Lance W.* The *Lance W.* court refused to assume "that the Legislature understood or intended that such far-reaching consequences—virtually a legislative repeal of the 'Truth-in-Evidence' section of Proposition 8—would follow an amendment [proposed as a cleanup

amendment] and adopted without opposition." (*Lance W., supra*, 37 Cal.3d at p. 894.) Instead, the court held that "the amendments to section 1538.5 adopted by the Legislature in 1982 had neither the intent nor effect of reviving exclusionary rules abrogated by Proposition 8. Therefore, although section 1538.5 continues to provide the exclusive procedure by which a defendant may seek suppression of evidence obtained in a search or seizure that violates 'state constitutional standards,' a court may exclude the evidence on that basis only if exclusion is also mandated by the federal exclusionary rule applicable to evidence seized in violation of the Fourth Amendment." (*Id.* at p. 896.)

The *Lance W.* court was specifically addressing subdivision (a) of section 1538.5. (*Lance W., supra*, 37 Cal.3d at pp. 893–894, 896.) But we see no reason why a different conclusion would be reached with respect to section 1538.5, subdivision (d). Section 1538.5 may have continued procedural validity, prescribing the mechanisms for suppression of evidence, but *Willis* is no longer good law.

Nor are we persuaded by Lazlo's argument that Proposition 8 has no impact in probation revocation proceedings because they are not "criminal proceedings." Specifically, Lazlo argues: "Because Prop 8's Truth-in-Evidence provision applies only to criminal proceedings—and a long line of case law establishes that probation revocation proceedings are not criminal proceedings—the constitutional prohibition against the exclusion of relevant evidence does not apply to this case."[4] The issue need not delay us long because the *Harrison* court implicitly rejected such an interpretation. (See *Harrison, supra*, 199 Cal.App.3d at p. 811.) And, even if we were to agree with Lazlo, the argument would not ultimately aid her case because it suggests *Zimmerman* was wrongly decided and that section 1538.5, subdivision (d), has no application. (See *Gikas v. Zolin* (1993) 6 Cal.4th 841, 858 [25 Cal.Rptr.2d 500, 863 P.2d 745] [". . . Legislature no doubt intended subdivision (d) of [section 1538.5] to apply solely to criminal cases."].)

■ We agree with the People and the trial court that section 1538.5, subdivision (d), and the holding of *Zimmerman* have been abrogated by the passage of Proposition 8. The evidence obtained from Lazlo's purse was properly admitted at Lazlo's revocation hearing, despite having previously been suppressed. The trial court explicitly found that the seizure did not "shock the . . . conscience." The trial court did not err.[5]

---

[4] Although Lazlo did not raise this argument before the trial court, we will nonetheless consider the issue because it is a question of law presented on undisputed facts. (*People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310 [86 Cal.Rptr.3d 674]; *People v. Carr* (1974) 43 Cal.App.3d 441, 445 [117 Cal.Rptr. 714].)

[5] We need not address the People's argument that any error was not prejudicial.

### III. Disposition

The order is affirmed.

Simons, Acting P. J., and Needham, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 12, 2012, S203829.