Filed 6/27/14  P. v. Khounani CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048870 |
| v. | (Super. Ct. No. R-00558) |
| RYAN JOSEPH KHOUNANI, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Lynn Hix, Commissioner.  Affirmed.

Marsha F. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Ryan Joseph Khounani appeals from a postjudgment order granting a petition to revoke his postrelease community supervision (PRCS). (Pen. Code, § 3455; all statutory references are to the Penal Code unless noted.) He contends the probation officer's imposition of intermediate sanctions following a violation of PRCS conditions precluded the probation officer from filing a revocation petition under section 3455 based on those same violations. For the reasons expressed below, we disagree and affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

In August 2011, Khounani pleaded guilty to auto taking (Veh. Code, § 1085l, subd. (a)) and received a 16-month prison term. In April 2012, he was released from prison and placed on PRCS. In May 2012, the Orange County Probation Department filed a petition (§ 3455) alleging Khounani violated the terms of his PRCS by possessing a weapon, using the weapon to threaten another person, and leaving the state without permission. In June 2012, he admitted the violations and the court reinstated PRCS on condition he serve 90 days in local custody with credit for 72 days.

In September 2012, the probation department petitioned for an arrest warrant alleging Khounani had failed to report to his probation officer and was not living at the address he provided. In October 2012, the probation officer filed a second revocation petition alleging Khounani had violated PRCS by disobeying a protective order to stay away from his father and his father's residence, possessing hypodermic syringes, heroin, and hydrocodone, failing to report to his probation officer and maintain an approved residence, failing to make himself available for random drug testing, and

2

refusing to seek drug treatment. Khounani admitted violating PRCS. The court revoked and reinstated PRCS and ordered him to serve 90 days in county jail, less 60 days credit.

Probation filed a third petition in December 2012, alleging Khounani violated a restraining order, used a controlled substance while in a residential drug treatment facility, and refused to report to probation to take a drug test. Khounani admitted the violations and the court ordered him to serve 180 days in local custody, less 150 days credit.

On June 19, 2013, probation filed a fourth petition. It alleged Anaheim police had arrested Khounani for robbery and vehicle tampering (count 1), tested positive for opiates and marijuana on April 18, 2013, (count 2), and failed to successfully complete a residential drug treatment program referred to him on May 9, 2013, (count 3). Following a hearing in August 2013, the court found Khounani violated PRCS. It revoked and reinstated PRCS, and ordered him to serve 160 days in local custody, less 106 days credit. He appeals from that order.

II

DISCUSSION

*Probation's Imposition of Intermediate Sanctions Following Violations of PRCS*

*Conditions Did Not Preclude Filing of a Revocation Petition Based on Same Violations*

At the August 2013 hearing, the prosecutor elected to proceed only on the allegations Khounani violated PRCS by testing positive for opiates and marijuana on April 18, 2013, (count 2), and failing to successfully complete a residential drug treatment program referred to him on May 9, 2013, (count 3). Khounani's probation officer Mario Martinez testified at the hearing that after he learned about the positive drug test in April, he referred Khounani to a treatment program on May 9. He classified

3

this as a "remedial sanction," attempting to resolve the issue without arrest. On June 4, he received paperwork reflecting Phoenix House had discharged Khounani. On June 12, Martinez decided not to arrest Khounani and instead gave him another opportunity to address his drug abuse. Martinez directed Khounani to participate in code-a-phone drug testing, which is random testing at the probation office at least every other day. He also placed Khounani on GPS monitoring. Khounani was arrested by Anaheim police two days later. The revocation hearing officer found "[t]he fact [the probation officer] afforded [Khounani] an opportunity to continue to remain out of custody and have an opportunity to do the code-a-phone . . . and G.P.S. shows that the probation officer was willing to work with him. [¶] However, the violations were committed, and I find he is in violation of his supervision."

Section 3451 generally provides that nonviolent persons released from prison on or after October 1, 2011, are subject to PRCS by the county's probation department for a period not to exceed three years. Section 3454 provides probation may determine appropriate conditions of supervision (see § 3453 [mandatory conditions of supervision]) consistent with public safety, including electronic monitoring, and appropriate rehabilitation and treatment services. Probation may "determine appropriate incentives," and "order appropriate responses to alleged violations, which can include, . . . immediate, structured, and intermediate sanctions up to and including referral to a reentry court . . . ." (§ 3454; see § 3450, subd. (b)(8)(A)-(L) [immediate and structured sanctions include, but are not limited to, flash incarceration, intensive community supervision, home detention with electronic monitoring or GPS monitoring, mandatory community service, restorative justice programs, work, training, or education in a furlough, work release program, day reporting, mandatory residential or

4

nonresidential substance abuse treatment programs, mandatory random drug testing, community-based residential programs offering structure, supervision, drug treatment, alcohol treatment, psychological counseling, mental health treatment, or any combination of these and other interventions].)

Section 3455 provides that if probation has determined intermediate sanctions (§ 3454, subd. (b)) are not appropriate, it "shall petition the court pursuant to Section 1203.2 to revoke, modify, or terminate postrelease community supervision." (§ 3455, subd. (a))  "Upon a finding that the person has violated the conditions of postrelease community supervision, the revocation hearing officer shall have authority to do all of the following:  [¶] (1) Return the person to postrelease community supervision with modifications of conditions, if appropriate, including a period of incarceration in county jail.  [¶] (2) Revoke and terminate postrelease community supervision and order the person to confinement in the county jail.  [¶] (3) Refer the person to a reentry court pursuant to Section 3015 or other evidence-based program in the court's discretion." (*Ibid.*)  "Confinement . . . shall not exceed a period of 180 days in the county jail for each custodial sanction."  (§ 3455, subd. (d).)

Khounani argues probation had "two options," namely "a remedial [i.e., an immediate, structured, and intermediate] sanction, *or . . .* where it is determined that a remedial sanction is not appropriate, seek revocation of PRCS."  Khounani asserts the probation officer elected the first option on June 12 by opting not to arrest him for testing positive for drugs on April 18 and flunking out of Phoenix House, instead adding new conditions, code-a-phone drug testing and GPS.  The PRCS revocation petition followed Khounani's arrest on new charges June 14, but the prosecutor elected not to seek revocation based on this incident.  According to Khounani, "[t]here simply is no authority

for the agency" to impose both an intermediate sanction and petition the court under to section 1203.2 to revoke, modify, or terminate PRCS before the new sanctions (code-a-phone drug testing and GPS) had been tested.

Neither party addresses the appropriate standard of review. Generally, where the facts are undisputed and the question involves statutory interpretation, the appellate court reviews the issue under a de novo or independent standard of review. (*People v. Fuentes* (2014) 225 Cal.App.4th 1283, 1288; see *People v. Lazlo* (2012) 206 Cal.App.4th 1063, 1068 [issue whether trial court prohibited from relying on previously suppressed evidence at probation violation hearing turned solely on a question of law and the standard of review on appeal is de novo].) Assuming the statutes authorize the action, the probation department's determination that intermediate sanctions are not appropriate (§ 3455, subd. (a)) is reviewed for abuse of discretion. The revocation hearing officer's determination the person has violated a PRCS condition is reviewed for substantial evidence (*People v. Urke* (2011) 197 Cal.App.4th 766, 773), but its decision to revoke or modify PRCS and impose a period of incarceration in county jail is reviewed for abuse of discretion. (*Ibid.* [court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action, burden of demonstrating an abuse of discretion rests squarely on the defendant, and only in extreme cases should an appellate court interfere with the discretion of the trial court in revoking probation].)

Here, Khounani's arrest on June 14 reflected the intermediate sanctions imposed by the probation officer on June 12 were no longer an appropriate response to Khounani's violations. Nothing in section 3455 precluded the probation officer on June 19 from filing the revocation petition. Although the prosecutor later decided not to pursue revocation based on the new charges at the revocation hearing in August 2013,

6

once the petition was filed, the revocation hearing officer had authority to determine whether Khounani violated his PRCS conditions, including those for which intermediate sanctions had been attempted, and had authority under section 3455 to order a period of incarceration.  Presumably, the revocation hearing officer assessed the situation at the time of the revocation hearing.  Had Khounani complied with the probation officer's intermediate directives after his arrest, and the new charges were later determined to be unsubstantiated, the hearing officer presumably would not have incarcerated Khounani.  In that situation, the revocation hearing officer simply could return Khounani to PRCS without modifying the probation officer's new conditions and without incarceration.  (§ 3455, subd. (a)(1).)  But here there is no evidence Khounani continued to comply with the directive to drug test and submit to GPS monitoring after June 14.  The court also remarked Khounani was "still in custody on [the] new case."  This is not a case where the probation officer changed his mind capriciously to file a revocation petition, notwithstanding the probationer's compliance with the intermediate sanctions.  We discern no abuse of discretion by either the probation officer or the revocation hearing officer.

## III

### DISPOSITION

The postjudgment order is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.