Filed 4/12/21  P. v. Villela CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. GEOVANNY VILLELA, Defendant and Appellant. | B306741 (Los Angeles County Super. Ct. No. VA150802-02) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa T. Sullivan, Judge. Affirmed.

Glenn L. Savard, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Geovanny Villela appeals the superior court's order revoking his probation and sentencing him to two years in state prison for second degree robbery after finding he had violated the conditions of his probation by being in possession of a loaded firearm. No arguable issues have been identified following review of the record by Villela's appointed appellate counsel or our own independent review. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a negotiated agreement Villela pleaded no contest in August 2019 to one count of second degree robbery. (Pen. Code, § 211.) Imposition of sentence was suspended, and Villela was placed on three years of formal probation with various conditions, including that he serve 365 days in county jail and obey all laws and court orders.

On May 22, 2020 Villela was arrested for being a felon in possession of a handgun. (Pen. Code, § 29800.) His probation was provisionally revoked, and a probation revocation hearing was set to be heard concurrently with the preliminary hearing on the new criminal charge.

At the outset of the hearing Villela moved pursuant to Penal Code section 1538.5 to suppress the firearm evidence as the product of an illegal search and seizure. According to the evidence introduced at the hearing, which included police bodycam footage, two Los Angeles police officers initiated a traffic stop of the car in which Villela was a passenger for not having a front license plate. One of the officers testified he smelled burnt marijuana as he approached the car. He asked the driver if he had marijuana in his possession; the driver responded he had a small amount and showed the officer a small closed container that the driver said contained less than an ounce of marijuana.

2

The officers called for backup and detained the driver and Villela for a narcotics investigation. Villela was asked by one of the officers to step out of the car. When he did, he was handcuffed. At that point Villela told the officer he had a firearm in his possession. The officer removed a loaded gun from Villela.

The hearing took place on July 8, 2020. Three weeks earlier the court of appeal in *People v. Johnson* (2020) 50 Cal.App.5th 620 had held missing registration tags, the odor of marijuana and visual observation of a small amount (approximately two grams) of marijuana in a closed plastic bag did not establish probable cause to search the defendant's parked car. (*Id.* at p. 623.) The *Johnson* court distinguished cases decided when nonmedical use of marijuana was unlawful, which had held the odor of marijuana created probable cause (e.g., *People v. Waxler* (2014) 224 Cal.App.4th 712), explaining the medical marijuana law did not affect probable cause, as does Health and Safety Code section 11362.1, subdivision (c), which provides, "Cannabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest." Conduct deemed lawful under section 11362.1, subdivision (a)(1), the court of appeal emphasized, includes possession and transportation of up to 28.5 grams of marijuana by individuals 21 years or older. (*Johnson*, at pp. 628-229.)

After discussing the *Johnson* decision with counsel, the court granted Villela's motion to suppress evidence. The People acknowledged they were unable to proceed with the criminal charge, and the court dismissed the case.

The court declined to exclude the firearm evidence from the probation violation hearing, noting *People v. Johnson, supra,* 50 Cal.App.5th 620, had been decided after the search and seizure at issue in this case and finding there had not been egregious misconduct by law enforcement. To the contrary, the court stated it felt the police officers and Villela had all acted reasonably under the circumstances. The court found Villela in violation of his probation and sentenced him to two years (the lower term) in state prison with 461 days of custody credit.

Villela filed a timely notice of appeal.

### DISCUSSION

We appointed counsel to represent Villela on appeal. After reviewing the record, counsel filed a brief raising no issues. On November 30, 2020 counsel wrote Villela and advised him he would have 30 days after counsel filed his no-issue brief within which to submit any contentions or issues he wished us to consider. On November 30, 2020 counsel notified Villela the brief had been filed. We sent a similar notice to Villela concerning his right to file a supplemental brief on November 30, 2020. We have received no response.

The court of appeal in *People v. Lazlo* (2012) 206 Cal.App.4th 1063, 1067, held, even though evidence may have been seized in violation of the Fourth Amendment, the exclusionary rule did not apply at probation revocation hearings so long as the police conduct was not egregious. The court explained that Proposition 8, passed by the voters in 1982, permits the exclusion of relevant, but unlawfully obtained evidence, only if exclusion is required by the United States Constitution. (See *In re Lance W.* (1985) 37 Cal.3d 873, 890.) Under federal constitutional principles evidence seized in

4

violation of the Fourth Amendment is admissible at a probation revocation hearing unless the police conduct in effectuating the search shocks the conscience.  (*Lazlo*, at p. 1070.)

The trial court's decision to admit at the revocation hearing the firearm evidence based on its finding the police officers who detained Villela and seized the weapon in his possession had not acted unreasonably in doing so was amply supported by the evidence and well within its discretion.

We have reviewed the entire record in this case and are satisfied appellate counsel for Villela has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.